98 F.3d 1359
 40 U.S.P.Q.2d 1958
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ENFORCER PRODUCTS, INC., Plaintiff-Appellee,
v.
Robert M. BIRDSONG, Billy Wayne Phillips, and Robert T.
Roberts, Defendants-Appellants,
and
BUCK SALES COMPANY, INC., Defendant.
 No. 96-1234.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1996.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 Decision
 
 1
 Appellants appeal the order of the United States District Court for the Northern District of Georgia, Atlanta Division (District Court), issued on November 19, 1995, in Civil Action No. 1-93-CV-1701-CC. In the Order, the District Court found that appellants' flea trap product infringed claim 6 of United States Patent No. 5,044,122 ('122 patent) and claims 6 and 7 of United States Patent No. RE 34,402 ('402 reissue patent), which are both licensed exclusively to Enforcer. The District Court also found that appellants were liable jointly and severally for falsely designating origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and engaging in deceptive trade practices and unfair competition under Georgia laws O.C.G.A. § 10-1-372(a) and 10-1-393, by marking the packaging of their flea trap product with the terms "the original flea and insect trap," "made in the United States," and "U.S. Patent No. 5,142,815." Pursuant to 15 U.S.C. § 1116(a) and O.C.G.A. §§ 10-1-373 and -399, the District Court permanently enjoined appellants from (1) promoting, advertising, or marking flea traps as being the original flea and insect trap; (2) from making or selling any flea trap products falsely marked as being covered by U.S. Patent No. 5,142,815; and (3) from advertising, marking, or selling any flea trap products as being made in the United States, all significant parts of which are not in fact produced and assembled in the United States.[1] We affirm.
 
 Discussion
 
 2
 Appellants assert that error exists in the factual findings and conclusions of law of the District Court. We review the District Court's factual determinations for clear error, and legal determinations are reviewed for their correctness as a matter of law. King Instrument Corp. v. Perego, 65 F.3d 941, 945, 36 USPQ2d 1129, 1131 (Fed.Cir.1995), cert. denied, 116 S.Ct. 1675 (1996). Appellants have pointed to no factual determinations made by the District Court that amount to clear error, and have pointed to no legal conclusions that are incorrect as a matter of law.
 
 
 3
 Appellants attempt to assert that a patent owned by at least one of the appellants was found by the Patent Office to be distinguishable from the patents-in-suit. Under this argument, appellants assert that their products could not infringe the patents-in-suit. A patent on an alleged infringing article is irrelevant to the issue of infringement. The finding of infringement by the District Court was based on a proper assessment of the appellants' products and appellee's patents.
 
 
 4
 Appellants assert that the District Court failed to address a piece of prior art, the Saint Petersberg Times article, dated July 5, 1988, entitled "Night Light Offers Shining Solution to Flea Problem," and other prior art in the file history of the patent-in-suit. The District Court specifically addressed the Saint Petersberg article. We find no error in this assessment, and appellants have pointed to none. We also do not find that any other material art was incorrectly analyzed.
 
 
 5
 Appellants also assert that the District Court made improper factual determinations concerning the marking issue. The District Court found that appellants improperly marked their products with the phrases "the original flea and insect trap" and "made in the United States." The appellants assert that their use of the phrase "the original flea and insect trap" only indicated that their trap was new, useful, and therefore original. We find, however, that the District Court properly found that the term "original" modified the phrase flea and insect trap. Because several other flea and insect traps were on the market before the appellants' trap, the District Court properly found that appellants improperly marked their product. Also, substantial evidence existed in the record to support the District Court's determination that 70 percent of the cost of appellants' product came from the light source which was imported. Therefore, the phrase "made in the United States" was also determined to be improper by the District Court. The appellants have shown no clear error in the factual determinations by the District Court.
 
 
 6
 Appellants attack the legal conclusions of the District Court by arguing that the District Court failed to follow applicable law on claim interpretation. We find that the District Court properly followed our decision in Markman v. Westview Instruments, Inc., 52 F.3d 967, 34 USPQ2d 1321 (Fed Cir.1995), which was affirmed by the Supreme Court in 116 S.Ct. 1384 (1996), by first determining the scope of the patent claims that are alleged to be infringed, and second, by comparing the properly construed patent claims to the accused product. We find no legal error made by the District Court.
 
 
 7
 The appellants also attack the District Court's alleged use of Enforcer's proposed findings of fact and conclusions of law. This is not a proper ground for reversal of the District Court. Appellants must establish that those findings of fact were clear error or that the conclusions of law were erroneous as a matter of law. Appellants have done neither.
 
 
 8
 Finding no reversible error, we affirm.
 
 
 
 [1]
 The District Court, pursuant to 35 U.S.C. § 292 assessed a $50 fine for each flea trap product or product packaging of appellants falsely marked with U.S. Patent No. 5,142,815. The District Court also appointed a Special Master to determine and report the amount of damages after determining that the appellants willfully infringed the patents in suit and willfully falsely designated the origin of their infringing products, doubling damages for both. The District Court also ordered the destruction of the appellants' accused products and false designations as well as all plates, molds and other means of making the same. The District Court found the case not to be exceptional and did not award attorney fees